IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE LADIES ROOM, INC. d/b/a EXCITEMENT VIDEO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HEISTER[1] GINGRICH ESTATE, JED GINGRICH, EXECUTOR, and COUNTY OF LEBANON | : | NO. 08-01267 |

FILED
JUL 17 2008
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**MEMORANDUM RE: DEFENDANTS' MOTION TO REMAND OR, ALTERNATIVELY, TRANSFER VENUE**

**Baylson, J.**                                                              **July 17, 2008**

In this case, Plaintiff purports to remove the case from state court, and Defendants have filed a Motion to Remand or, alternatively, Transfer Venue. For the reasons stated below, this Court will grant Defendants' Motion to Remand, and will remand the matter to state court in accordance with 28 U.S.C. § 1447.

**I.     Background and Procedural History**

On January 28, 2008, Plaintiff, The Ladies Room, Inc. d/b/a Excitement Video, filed a Complaint against Defendant Heister Gingrich Estate, Jed Gingrich Executor in the Montgomery County Court of Common Pleas. The Complaint arose out of a disagreement over the validity of a written lease of real estate in Lebanon County, Pennsylvania. Plaintiff, a licensed Pennsylvania corporation, operates an adult video business, and claimed Defendant interfered with its business activities and relationships. On March 5, 2008, Plaintiff filed an Amended Complaint, adding County of Lebanon as

---

[1] There appears to be a discrepancy in the spelling of Defendant's name. The Court will use Defendant's spelling.

an additional Defendant and a new claim that both Defendants had violated its First Amendment Constitutional rights by trying to limit and prevent its business activities.

On March 14, 2008, Plaintiff removed this case to federal court (Doc. No. 1) pursuant to 28 U.S.C. §§ 1441, 1446. Plaintiff's basis for removal is a federal question pursuant to 28 U.S.C. § 1331, specifically an alleged First Amendment violation. On April 14, 2008, Defendants filed a Motion to Remand or, alternatively, to Transfer Venue (Doc. No. 5) pursuant to 28 U.S.C. § 1447, arguing a procedural defect and lack of subject matter jurisdiction.

## II.   Parties' Contentions

Defendants provide two arguments in support of their Motion to Remand: 1) Plaintiff is procedurally restricted from removing its cause of action from state court to federal court; and 2) Plaintiff is prevented from removing because federal law is not an essential element of its claims, which are strictly state law allegations. Alternatively, Defendants request Transfer of Venue arguing improper venue in this district, and requesting transfer to the Middle District, where venue is proper under 28 U.S.C. § 1391(b) because it is in that District where Defendants reside, where a substantial part of the alleged events or omissions occurred, and where the relevant property exists.

In support of their Motion to Remand, Defendants rely on the removal statutes, 28 U.S.C. §§ 1441, 1446. The pertinent portion of 28 U.S.C. § 1441(a) states "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the <u>defendant</u> or <u>defendants</u>…" (emphasis added). 28 U.S.C. § 1446 provides the process by which a defendant can remove a civil action to federal court. Defendants argue that these statutes do not permit a plaintiff to

remove its case from state to federal court, and thus their Motion to Remand should be granted.

In Plaintiff's Answer to Defendants Motion to Remand (Doc. No. 7), Plaintiff argues that it is not prohibited from removing the instant matter to this Court because it involves a federal question, namely a violation of its First Amendment rights, and federal law is an essential element of its claims. In addition, Plaintiff argues the Eastern District of Pennsylvania, not the Middle District, has jurisdiction, and alternatively, if this Court concludes that it has no jurisdiction, asks this Court to transfer jurisdiction to the Middle District rather than dismiss the action.

### III. Discussion

The removal statutes, 28 U.S.C. §§ 1441, 1446, authorize removal only by defendants. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). "It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*." Conner v. Salzinger, 457 F.2d 1241, 1243 (3d Cir. 1972) (citing Shamrock, 313 U.S. at 104).

Plaintiff fails to cite a single case to support removal. Plaintiff's attempt at removal is procedurally defective as only defendants are permitted to remove from state court to federal court. Therefore, it is unnecessary for this Court to examine whether a federal question actually exists. If Plaintiff truly believes it has claims arising under original federal jurisdiction, Plaintiff can file a complaint in federal court.

Given that this Court will grant Defendants' Motion to Remand, it is unnecessary to examine Defendants' alternative Motion to Transfer Venue to the Middle District of Pennsylvania. For the reasons stated above, this Court will remand the matter to state

court in accordance with 28 U.S.C. § 1447.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE LADIES ROOM, INC. d/b/a<br>EXCITEMENT VIDEO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HEISTER GINGRICH ESTATE,<br>JED GINGRICH, EXECUTOR, and<br>COUNTY OF LEBANON | : | NO. 08-01267 |



FILED
JUL 17 2008
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

### ORDER

AND NOW, this 17th day of July, 2008, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED as follows:

1. Defendants' Motion to Remand or, in the alternative, Motion to Transfer Venue (Doc. No. 5) is GRANTED as to Remand;

2. The matter is REMANDED to the Court of Common Pleas of Montgomery County, Pennsylvania; and

3. The Clerk shall close the case.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

ENTERED
JUL 17 2008
CLERK OF COURT

O:\Intern Folders\mikecohen\Ladies Room v. Gingrich 2.08-cv-01267 -Motion to Remand.wpd

cc: Snelling (mail)

xc: MCCP